UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD ALFRED WASHINGTON,

    Plaintiff,

v.                                      Case No. 3:18cv1333-LC-CJK

JULIE JONES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983 (doc. 12), and a motion for preliminary injunction (doc. 13). The undersigned has screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and concludes that plaintiff's claims against five defendants should be dismissed for failure to state a claim, plaintiff's claim for injunctive relief should be dismissed as moot, and plaintiff's motion for preliminary injunction should be denied.

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") confined at Santa Rosa Correctional Institution. Plaintiff was confined at Blackwater River Correctional Facility ("Blackwater") at the time of the events giving rise to this lawsuit. Plaintiff's second amended complaint names five medical defendants at Blackwater (Case Manager T. Yardley, Case Manager Mr. Ditterline,

Chief Health Officer Dr. A. Molina, Health Services Administrator D. McGowan and Psychiatrist Dr. Iserman), as well as four supervisory officials (former FDC Secretary Julie Jones, Secretary Representative Michelle Schouest, Secretary Representative T. Bowden and Blackwater Warden C. Maiorana). Plaintiff claims the defendants were deliberately indifferent to his serious medical needs when they refused to renew his psychiatric medication prescriptions. (Doc. 12, pp. 8-13 in ECF). As relief, plaintiff seeks compensatory damages, punitive damages and "to be put back on my meds." (Doc. 12, p. 13 in ECF).

ALLEGATIONS OF PLAINITFF'S SECOND AMENDED COMPLAINT[1]

Plaintiff suffers from schizophrenia and paranoia. During his underlying criminal proceeding, he was treated successfully with anti-psychotic medications (Seroquel) prescribed by doctors at Florida State Hospital. (Doc. 1, Ex. 2, p. 27). While confined at Blackwater in late 2017, plaintiff stopped receiving his medications and, when he inquired by inmate request, was informed by defendant Health Services Administrator McGowan that his prescriptions expired and were not renewed because he failed to attend a scheduled appointment with his psychiatrist. (Doc. 12; *see also* Doc. 1, Ex. 2, pp. 8, 9 (grievances)). McGowan notified plaintiff

---

[1] Plaintiff's allegations are liberally construed from his second amended complaint (doc. 12) and the grievances attached to his original complaint (doc. 1), which plaintiff incorporates by reference.

that he was scheduled to see the psychiatrist "very soon" and to watch the call-out. On December 7, 2017, plaintiff saw defendant Dr. Iserman and Case Manager Yardley, and signed a consent for treatment. Plaintiff alleges Iserman refused to renew his medications. Plaintiff filed several formal grievances which were denied by Chief Health Officer Dr. Molina for the stated reason that plaintiff failed to attend scheduled appointments with the psychiatrist to renew the medications. (Doc. 12, p. 8 in ECF; Doc. 1, Ex. 2, pp. 12, 15, 33, 35, 38, 40 (grievance responses)). Warden Maiorana signed off on Molina's responses. (*Id*.). Plaintiff filed administrative appeals to the Secretary's Office. Secretary representatives Schouest and Bowden deferred to Dr. Molina's responses and denied the appeals. (Doc. 12, p. 10 in ECF; Doc. 1, Ex. 2, pp. 1, 10, 31, 43 (appeal responses)). Plaintiff claims that as a result of not receiving his medications, he decompensated, suffered a psychotic episode involving "paranoid ideations" on January 6, 2018, and, when security officers denied his declaration of a psychological emergency, was involved in a use of force incident where officers beat him and placed him on close management for possession of a knife and disorderly conduct. (Doc. 12, pp. 7-9 in ECF).

Plaintiff alleges that while in confinement, Case Manager Ditterline came to his cell but refused to re-prescribe the medications. (Doc. 12, p. 11 in ECF). Plaintiff claims that as a result of Ditterline's actions that day, he attempted suicide on July

17, 2018, was written three disciplinary reports, was sprayed with pepper spray, and was placed on strip cell and management loaf.  (*Id.*).

## DISCUSSION

Because plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings).  Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard.  *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal* at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

A claim under § 1983 requires plaintiff to establish two elements:

1.  the conduct complained of was committed by a person acting under color of state law; and

2.  this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

    A prisoner claiming he was deprived of adequate medical care in violation of the Eighth Amendment must show "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008). Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotations omitted). Deliberate indifference is not established "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Mere incidents of negligence or malpractice" in diagnosing or treating a medical condition "do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (*citing Estelle v. Gamble*, 429 U.S. 97, 104-106 (1976)).

<u>Claims Against Jones, Schouest, Bowden and Maiorana</u>

Plaintiff sues former FDC Secretary Jones, Secretary representatives Schouest and Bowden, and Blackwater Warden Maiorana in their individual capacities for medical deliberate indifference because they denied his administrative grievances. Plaintiff states these defendants knew, through his grievances and medical records, that depriving him of his medications posed a substantial risk of serious harm to his health and safety. (Doc. 12, pp. 8-10 in ECF).

"[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks omitted). *Respondeat superior* is a legal theory under which someone higher up in the chain of authority becomes automatically responsible for the conduct of a lower placed employee, without any active wrongdoing by the higher-up. "Instead, to hold a supervisor liable a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047-48 (11th Cir. 2014). The complaint must plausibly show that the supervisory official acted with the same mental state required to establish a constitutional claim against the subordinate. *Franklin v. Curry*, 738

F.3d 1246, 1249 (11th Cir. 2013) (holding that in evaluating whether a complaint states a claim under § 1983 against a supervisor for the violation of the plaintiff's constitutional rights, the court must first identify the precise constitutional violation charged, e.g., deliberate indifference, and then determine whether the complaint alleges the required elements against the supervisor). "[T]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Cottone*, 326 F.3d at 1360 (alteration in original) (internal quotation marks omitted).

Plaintiff does not allege former Secretary Jones, Representative Schouest, Representative Bowden, or Warden Maiorana personally participated in his medical care, directed that his medications not be renewed, or knew that deferring to the medical defendants' decisions posed a substantial risk of serious harm to plaintiff's mental health. These defendants' only roles, according to plaintiff's allegations and exhibits, involved denying administrative grievances or failing to act. Merely denying a grievance without personally participating in the unconstitutional conduct brought to light by the grievance is insufficient to establish § 1983 liability. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *Shehee*

*v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory official who denied administrative grievance and otherwise failed to act based on information contained in the grievance). As plaintiff's allegations fail to show, beyond a speculative level, that former Secretary Jones, Representative Schouest, Representative Bowden, or Warden Maiorana was directly involved in, or caused the alleged constitutional violation, his claims against these administrative/supervisory defendants should be dismissed. *See, e.g., Hoever v. Belleis*, 703 F. App'x 908, 912 (11th Cir. 2017) (dismissing prisoner's claim against supervisors of offending officers; prisoner's allegation that the supervisors denied grievances against their subordinates "was insufficient to establish that the supervisors instigated or encouraged unlawful conduct.");

Claim Against Health Services Administrator McGowan

According to plaintiff's allegations and exhibits, defendant McGowan's role was limited to relaying information in response to plaintiff's inmate requests. Specifically, McGowan informed plaintiff why he was not receiving his medications and notified him of his appointment with the psychiatrist to address the issue. Plaintiff does not allege McGowan caused, or personally participated in the decision not to renew his prescriptions. As plaintiff fails to show a causal connection between

H.S.A. McGowan's actions and the deprivation of his medication, his claim against McGowan must be dismissed.

Claim for Injunctive Relief

Plaintiff's complaint seeks the following injunctive relief: "to be put back on my meds." (Doc. 1, p. 13 in ECF). During the pendency of this action, however, plaintiff was transferred from Blackwater to Santa Rosa CI, where he remains confined. Plaintiff's transfer moots his request for injunctive relief regarding medical treatment at Blackwater. *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding that claims regarding treatment at a facility at which prisoner was no longer incarcerated were moot); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir.1985) (explaining that absent class certification, an inmate's claim for injunctive relief under § 1983 action is moot once the inmate is transferred). Plaintiff claim for injunctive relief should be dismissed.

Plaintiff's Motion for Preliminary Injunction

One month after plaintiff filed his second amended complaint, he filed a motion for preliminary injunction against "officials here at Santa Rosa and the law library staff", claiming they "are preventing me from accessing the courts by den[y]ing me material from the law library. . . . I'm having to get pen and envelopes from the inmates to mail out legal material. . . ." (Doc. 13, p. 1). Plaintiff also

alleges "Mrs. Frame would not fill my request nor would she place me on the dea[d]line list to prepare my amended complaint. . . ." (*Id*., p. 2).

Courts will grant a temporary restraining order or preliminary injunction only when the movant establishes four elements: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that granting the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Plaintiff's motion seeks injunctive relief against non-parties (unnamed Santa Rosa officials) over whom the court lacks jurisdiction. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (finding that court lacked subject-matter jurisdiction to issue a preliminary or permanent injunction against a non-party). Additionally, the fact that plaintiff timely

filed his second amended complaint belies his allegation that he is being denied access to this court. Plaintiff's motion for preliminary injunction should be denied.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's claims against defendants Jones, Schouest, Bowden, Maiorana and McGowan be DISMISSED for failure to state a claim on which relief may be granted.

2. That plaintiff's motion for preliminary injunction (doc. 13) be DENIED.

3. That this case be remanded to the undersigned for further proceedings on plaintiff's § 1983 claims against defendants Dr. Iserman, Case Manager Yardley, Dr. Molina and Case Manager Ditterline.

At Pensacola, Florida, this 13th day of February, 2019.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.