UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD ALFRED WASHINGTON,

    Plaintiff,

v.                                                    Case No. 3:18cv1333-LC-HTC

T. YARDELY,
DITTERLINE,
DR. A. MOLINA,
ISERMAN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on referral from the clerk that no response has been received from Plaintiff to the order at ECF Doc. 54. That order, entered July 23, 2019, directed that Plaintiff had thirty (30) days from the date of that order to: (1) submit an address at which defendant Dr. Molina can be served; (2) file a notice with the Court voluntarily dismissing his claim against Dr. Molina; or (3) show cause why the claim against Dr. Molina should not be recommended for dismissal for failure to effect timely service. To date, no response from Plaintiff on this issue has been received, and Plaintiff has not served Defendant Molina.

Federal Rule Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010). However, the rule also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284 (11th Cir. 2009).

Here, the initial complaint was filed on May 11, 2018, ECF Doc. 1, and Plaintiff was granted leave to proceed *in forma pauperis* on May 14, 2018. ECF Doc. 4. The operative complaint, the third amended complaint, was filed March 11, 2019. ECF Doc. 20. For prisoners proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). "[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance,* 583 F.3d at 1288. In the case where the *in forma pauperis* plaintiff is a *pro se* prisoner, the Eleventh Circuit held:

> It is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison. Thus, . . . as long as the court-appointed agent can locate the prison-guard defendant with reasonable

>   effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes.

*Richardson*, 598 F.3d at 739-40; *see also Fowler v. Jones*, 899 F.2d 1088, 1095-96 (11th Cir. 1990) (holding that prisoner-litigant proceeding *in forma pauperis* was not at fault for failure to effect timely service when he acted reasonably by requesting service on the appropriate defendant and attempting to remedy any service defects he knew about).

The Court and the USMS have exerted such reasonable efforts but have not been able to locate and serve Dr. Molina. On March 19, 2019, the Court directed the USMS to serve defendant Dr. Molina by mailing the required documents to the special process server at Santa Rosa CI. ECF Doc. 21. On April 1, 2019, Plaintiff informed the Court that he had wrongly indicated Santa Rosa CI as Defendants' place of employment for service purposes. ECF Doc. 25. Instead, it should have been Blackwater River CF. *Id.* Thus, on April 8, 2019, the Court directed the USMS to serve Defendants, including Dr. Molina, at Blackwater River CF. ECF Doc. 28. On May 8, 2019, waivers of service were received for the other three Defendants, ECF Docs. 34-36, but not Defendant Dr. Molina. Instead, on May 21, 2019, a notice that summons was returned unexecuted as to Molina was filed. ECF Doc. 37. In the notice, the USMS informed the Court that the Blackwater River CF personnel

department had verified that Defendant Dr. Molina no longer worked at that facility. *Id.*

In response, on May 24, 2019, the Court directed the clerk to send the service materials to the Assistant General Counsel for the Florida Department of Corrections for assistance with service. ECF Doc. 38. The Department filed a response, indicating that Dr. Molina was not an employee but was contracted from a private company; thus, the Department did not have further address information. ECF Doc. 40. This led to an order on June 25, 2019, which sought assistance from the GEO Group's General Counsel in serving Defendant Dr. Molina. ECF Doc. 41.

On July 16, 2019, the Court received notice from Defendant Dr. Molina's former employer, Wellpath LLC, which indicated that Defendant was its former employee and that, to the best of its knowledge, Defendant Molina has retired from employment and moved to Spain. ECF Doc. 52.

This history demonstrates that the Court and the USMS have made reasonable efforts to serve Defendant Dr. Molina. Additionally, the Court has provided Plaintiff with two (2) additional months to provide a service address for Dr. Molina, and Plaintiff has failed to do so. More than six (6) months has passed since Plaintiff filed his third amended complaint.

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff's claims against Defendant Molina be DISMISSED WITHOUT PREJUDICE for failure to serve the third amended complaint in the time limits set by Federal Rule of Civil Procedure 4(m).

2. That the clerk be directed to terminate Dr. Molina as a Defendant in this case.

3. That the case be referred back to the undersigned for further proceedings.

At Pensacola, Florida, this 16th day of September, 2019.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:18cv1333-LC-HTC